1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


BOBBY GENE MASON, et al.,

             Plaintiffs,                No. C 11-03514 PJH

     v.                        **ORDER GRANTING MOTION**
                                                    **TO DISMISS**

WASHINGTON MUTUAL BANK, FA,
et al.,

             Defendants.

_____/

      Defendants' motion to dismiss the complaint came on for hearing before this court

on September 21, 2011.  Defendants JPMorgan Chase Bank ("Chase") and California

Reconveyance Company ("CRC") appeared through counsel.  Plaintiffs Bobby Gene

Mason and Liane Mason neither filed an opposition to the motion nor appeared at the

hearing.  Having reviewed the papers and carefully considered the arguments and the

relevant legal authority, and good cause appearing, the court hereby **GRANTS** defendants'

motion to dismiss for the reasons stated at the hearing and summarized as follows.

      Defendants Chase and CRC move to dismiss the claims against them pursuant to

FRCP 12(b)(6).  As a general matter, defendants represent that Chase did not assume any

liability for borrowers' claims for damages arising out of loans made by Washington Mutual

Bank, FA ("WaMu") prior to September 25, 2008.  Mot. at 4-5.  Because plaintiffs obtained

the loan in May 2007, defendants contend that any claims against WaMu based on loan

origination must be referred to the FDIC as receiver and the appropriate party in interest.

Mot. at 5.  It does not appear from the record that plaintiffs have served WaMu or the FDIC.

1       1.     Plaintiffs allege that defendants WaMu and CRC violated the Truth in Lending

2 Act ("TILA") by failing to provide accurate disclosures under TILA in connection with the

3 loan origination.  See Complaint ¶ 54.   This claim, however, is time-barred.  The

4 transactions here occurred on May 10, 2007 – more than three years from the time

5 plaintiffs filed the instant complaint.  Thus, regardless whether plaintiffs are pursuing

6 remedies in the form of rescission or damages, this claim is DISMISSED with prejudice.

7 See, e.g., 15 U.S.C. § 1640(e) (plaintiff's damage claims relating to improper disclosures

8 under TILA are subject to a one-year statute of limitations); id. at § 1635(f); 12 C.F.R. §

9 226.23(a)(3)("[a]n obligor's right of rescission shall expire three years after the date of

10 consummation of the transaction or upon the sale of the property, whichever occurs first,

11 notwithstanding the fact that the information and forms required under this section or any

12 other disclosures required under this part have not been delivered to the obligor").

13       2.     Plaintiffs allege that defendants' actions violated the Rosenthal Fair Debt

14 Collection Practices Act, Cal. Civ.Code § 1788 *et seq.* ("RFDCPA"), in that "they threatened

15 to take actions not permitted by law."  Compl. ¶ 62.  Plaintiffs' RFDCPA claim fails for two

16 reasons.  First, plaintiffs did not allege facts suggesting that any defendant is a "debt

17 collector" under the RFDCPA.  To be held liable for violation of the RFDCPA, a defendant

18 must fall within the Act's definition of "debt collector."  Izenberg v. ETS Services, LLC, 589

19 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) (citing Heintz v. Jenkins, 514 U.S. 291, 294

20 (1995)).  The RFDCPA defines a "debt collector" as "any person who, in the ordinary

21 course of business, regularly, on behalf of himself or herself or others, engages in debt

22 collection."  See Cal. Civ. Code § 1788.2(c). Plaintiffs do not allege facts giving rise to the

23 inference that any of the defendants is a debt collector as defined by the RFDCPA, nor do

24 they identify the provisions of the act that defendants allegedly violated.  As such, plaintiffs

25 have not satisfied the minimal notice pleading requirements of Rule 8.

26       Second, plaintiffs failed to plead that any defendant was "collecting a debt" because

27 foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the

28

1   meaning of the RFDCPA.  <u>Izenberg</u>, 589 F.Supp.2d at 1199.  This claim is therefore

2   DISMISSED with prejudice.

3          3.      In support of their negligence claim, plaintiffs allege that defendants breached

4   their duties to plaintiffs "to perform acts in such a manner as to not cause Plaintiffs harm."

5   Compl. ¶¶ 66-69.  The elements of a negligence cause of action are duty, breach of duty,

6   proximate cause, and damages.  <u>Artiglio v. Corning Inc.</u>, 18 Cal. 4th 604, 614 (1998);

7   <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (1998).

8          Here, plaintiffs have pled no facts showing breach of any duty of care by defendants.

9   First, with respect to alleged breach of duty to plaintiffs at loan origination by, among other

10  things, "directing them into a loan transaction that they may not have otherwise qualified for

11  by industry standards," such claims are time-barred by the two-year statute of limitations.

12  <u>See</u> <u>Thomson v. Canyon</u>, 198 Cal.App.4th 594 (2011) (applying two-year statute of

13  limitations to professional negligence claim pursuant to Cal. Civ. Proc. Code § 339(1)).

14  Furthermore, the moving defendants were not the original lenders of the loan or involved in

15  the loan origination.  Even if they were, a lending institution does not owe a fiduciary duty to

16  its borrower-clients.  <u>See</u> <u>Perlas v. GMAC Mortgage LLC</u>, 187 Cal. App. 4th 429, 436

17  (2010) ("A lender is under no duty 'to determine the borrower's ability to repay the loan. . . .

18  The lender's efforts to determine the creditworthiness and ability to repay by a borrower are

19  for the lender's protection, not the borrower's.'").

20         To the extent that plaintiffs allege that defendants were negligent in instituting

21  foreclosure, defendants did not a breach a duty "as to not cause Plaintiffs harm" because

22  defendants had the legal right to foreclose on the property.  Plaintiffs do not allege that they

23  were current on the loan, the documents attached to the complaint indicate that plaintiffs

24  were $23,602.73 in arrears as of January 13, 2011, and section 22 of the deed of trust

25  expressly authorizes foreclosure in the event of an uncured default.  Compl., Exs. 2 and 3.

26  The claim for negligence is therefore DISMISSED with prejudice.

27         4.      Plaintiffs allege that defendants violated the Real Estate Settlement

28  Procedures Act ("RESPA") by failing to "properly advise Plaintiffs as to the roles and

1    identities of the various entities that were purportedly handling his [sic] loan at any given

2    time." Compl. ¶ 74-76.   Plaintiffs allege that defendants violated RESPA "at the time of

3    closing on the sale of the Property by failing to correctly and accurately comply with

4    disclosure requirements," but do not allege what disclosures were not made.  To the extent

5    that plaintiffs allege that, at the time of loan origination, defendants violated the disclosure

6    provisions of 12 U.S.C. § 2607(c), which require disclosure of fee arrangements or affiliated

7    business arrangements, this claim is time barred by the one-year statute of limitations.  12

8    U.S.C. § 2614.  See Snow v. First Am. Title Ins. Comp., 332 F.3d 356, 359 (5th Cir.2003)

9    (RESPA claim under § 2607 accrues at closing).  Accordingly, the court hereby

10   DISMISSES plaintiff's RESPA claim pursuant to section 2607 with prejudice.

11          To the extent that plaintiffs allege that defendants violated section 2605(e)(2) "by

12   failing and refusing to provide a written explanation or response to Plaintiffs' Qualified

13   Written Request," the complaint fails to state to whom the QWR was sent, when it was

14   sent, and whether the recipient of the QWR had a duty to respond.  Compl. ¶ 76.  "Under

15   RESPA § 2605, only a loan servicer has a duty to respond to a borrower's inquiries."  Lane

16   v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092, 1101 (E.D.Cal. 2010) (citation

17   and quotation marks omitted).  Further, plaintiffs do not allege facts to show that they

18   suffered actual harm as a result of an alleged RESPA violation.  Id.  As currently pled, the

19   RESPA claim for violation of 12 U.S.C. § 2605 does not sufficiently state a claim for relief.

20   Because amendment does not appear to be futile, the section 2605 claim is dismissed with

21   leave to amend.

22          5.      Plaintiffs allege that defendants WaMu and CRC were agents for plaintiffs

23   and breached their fiduciary duty "to act primarily for [plaintiffs'] benefit" by "obtaining a

24   mortgage loan for them that had unfavorable terms and that they could not ultimately

25   afford."  Compl. ¶¶ 80-84.  To begin with, CRC was not the original lender of the loan or

26   involved in the loan origination.  Even if it was, under California law, the relationship

27   between a lending institution and its borrower-client is not fiduciary in nature.  Perlas, 187

28

4

1  Cal. App. 4th at 436.  See also Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476-478

2  (1989).  This claim is therefore DISMISSED with prejudice.

3       6.       Plaintiffs allege that defendants made several misrepresentations with regard

4  to material facts.  Compl. ¶¶ 88-111.  To support their claim for fraud, plaintiffs allege that

5  they executed the note and deed of trust to WaMu which was the only party with standing

6  to enforce the note, so that defendants had no authority to proceed with foreclosure.

7  Compl. ¶¶ 90, 92.   The fraud claim fails for three reasons.  First, to the extent that

8  plaintiffs allege fraud in the loan origination, the claim is time-barred.  Actions for fraud are

9  subject to a three year statute of limitations, such that the limitations period on origination-

10 based claims ran on May 10, 2010.  See Cal. Code Civ. Proc. § 338(d).  Second, plaintiffs'

11 claim fails to meet the heightened pleading standards set forth by FRCP 9(b).  Plaintiff

12 makes allegations against defendants collectively, without specifically identifying individual

13 misrepresentations, or otherwise alleging the "who, what, where, when and how"

14 surrounding such purported misrepresentations.  Cooper v. Pickett, 137 F.3d 616, 627 (9th

15 Cir. 1997) (citation omitted).  Third, with respect to plaintiffs' argument that defendants do

16 not have the original promissory note and thereby recorded a false notice of default,

17 California law does not require the original note holder to conduct the foreclosure

18 proceedings.  See Cal. Civil Code § 2924 (a "trustee, mortgagee, or beneficiary or any of

19 their authorized agents" may conduct the foreclosure process).  Because the deed of trust

20 expressly names CRC as the trustee and grants CRC the power to foreclose on plaintiffs'

21 property in connection with the underlying loan, plaintiffs' argument that CRC cannot

22 institute foreclosure proceedings is meritless.  Compl., Ex. 2 ¶ 22.  See, e.g., Pantoja v.

23 Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009).   Because

24 amendment would be futile, the fraud claim is DISMISSED with prejudice.

25      7.       Plaintiffs allege that defendants committed unlawful, unfair and/or fraudulent

26 business practices in violation of the Unfair Competition Law, California Business &

27 Professions Code § 17200.  Compl. ¶ 115.  To allege a viable claim under section 17200,

28 plaintiffs must meet the elements required to establish that claim.  Under section 17200,

1   unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice"

2   and "unfair, deceptive, untrue or misleading advertising." <u>See</u> Cal. Bus. & Prof. Code

3   § 17200.  A business practice is "unlawful" under section 17200 if it violates an underlying

4   state or federal statute or common law.  <u>See Cal-Tech Communications, Inc. v. Los</u>

5   <u>Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999).  An act is "unfair" if the act

6   "threatens an incipient violation of a [competition law], or violates the policy or spirit of one

7   of those laws because its effects are comparable to or the same as a violation of the law."

8   <u>Id</u>. at 187.  To challenge a fraudulent or deceptive practice under section 17200, a plaintiff

9   need not plead all the elements of fraud but must show that "members of the public are

10  likely to be deceived."  <u>Bank of the West v. Superior Court</u>, 2 Cal.4th 1254, 1267 (quoting

11  <u>Chern v. Bank of America</u>, 15 Cal. 3d 866, 876 (1976)).  Additionally, "[a] plaintiff alleging

12  unfair business practices under the unfair competition statutes 'must state with reasonable

13  particularity the facts supporting the statutory elements of the violation.'"  <u>Silicon Knights,</u>

14  <u>Inc. v. Crystal Dynamics, Inc.</u>, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting <u>Khoury v.</u>

15  <u>Maly's of California,</u> 14 Cal. App. 4th 612, 619 (1993)).

16          Here, plaintiffs fail to state a viable claim under section 17200.  First, plaintiffs do not

17  allege any underlying violation of any statutory provision, such that the unlawful prong

18  might be satisfied.  Second, their allegations do not show that defendants violated a

19  specific constitutional, statutory, or regulatory provision or established public policy to

20  satisfy the unfair business practice prong.  Finally, with respect to the "fraudulent" prong,

21  plaintiff has not sufficiently alleged that the public would likely be deceived by the terms of

22  an interest-only adjustable rate loan, particularly in the absence of the lender's duty to

23  determine whether the lender can afford the loan, as discussed in connection with the fraud

24  claim.

25          Furthermore, the UCL claim with respect to defendants' alleged conduct at time of

26  loan origination is barred by the four-year statute of limitations.  Bus. & Prof. Code § 17208.

27  Because the court grants leave to amend the RESPA claim, the section 17200 claim is

28

1    hereby DISMISSED with leave to amend the complaint to include allegations of a RESPA

2    violation to support an unlawful business practice claim.

3         8.     Plaintiffs allege that defendants willfully breached their implied covenant of

4    good faith and fair dealing by, among other things, failing to put as much consideration to

5    plaintiffs' interests as to defendants' interests, failing to give proper notice before

6    commencing foreclosure and sending deceptive letters to plaintiffs about their ability to

7    short sell their property.  Compl. ¶¶ 120-123.  California law implies in every contract a

8    covenant of good faith and fair dealing that is "'circumscribed by the purposes and express

9    terms of the contract.'"  Inter-Mark USA, Inc. v. Intuit, Inc., 2008 WL 552482, *7 (N.D. Cal.

10   Feb. 27, 2008) (quoting Carma Developers (Cal.), Inc. v. Marathon Development California,

11   Inc., 2 Cal.4th 342, 373 (1992)).  See also Chodos v. West Publishing Co., 292 F.3d 992,

12   996 (9th Cir. 2002).  Plaintiffs have not alleged a contractual obligation breached by a

13   defendant, nor have plaintiffs alleged conduct that frustrated their right to benefit from a

14   contract.  See Racine & Laramie v. Dept. of Parks & Rec., 11 Cal.App.4th 1026, 1031

15   (1992).  Further, plaintiffs plead no facts to establish a "special relationship" with

16   defendants to justify extending tort liability for bad faith.  Smith v. City and County of San

17   Francisco, 225 Cal.App.3d 38, 49 (1990).  See Perlas, 187 Cal. App. 4th at 436 ("A lender

18   is under no duty 'to determine the borrower's ability to repay the loan. . . . The lender's

19   efforts to determine the creditworthiness and ability to repay by a borrower are for the

20   lender's protection, not the borrower's.'").  Accordingly, this claim is DISMISSED with

21   prejudice.

22        For the foregoing reasons and the reasons set forth on the record, the complaint is

23   dismissed with leave to amend the RESPA claim for violation of section 2605 and the UCL

24   claim for unlawful business practice, and dismissed with prejudice as to all other claims.

25   Plaintiffs are granted leave to file an amended complaint within twenty-one days of the date

26   of this order.  The amended complaint may not add new causes of action or new

27   defendants, but may only amend the allegations to be consistent with this order.

28

1    With respect to plaintiffs' claims against WaMu, plaintiffs must file a proof of service

2 within twenty-one days of this order showing that WaMu or the FDIC was timely served; if

3 plaintiffs fail to file a proof of service, the claims against WaMu will be dismissed pursuant

4 to FRCP 4(m) and 41(b).

5    **IT IS SO ORDERED.**

6

7 Dated: September 21, 2011

8    _____
     PHYLLIS J. HAMILTON
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28